NEW-YORK,
May, 1810.

JENNER *against* JOLIFFE.

JENNER
v.
JOLIFFE.

THIS was an action of *trover*, brought for the recovery of a quantity of timber, belonging to the plaintiff, converted by the defendant, at the city of *Quebec*, in the province of *Lower Canada.* The cause was tried before the chief justice, at the *Clinton* circuit, on the 4th day of *July*, 1809.

At the trial the plaintiff proved, that in the month of *June*, 1808, after the arrival of his raft of timber at *Quebec*, it was taken away from the plaintiff, and certain men were placed to guard the raft, to prevent any person intermeddling with it. The witness heard the defendant say to the plaintiff, that he had got the possession of the raft; and thought he had heard the plaintiff say, that the raft was attached by a bailiff, and that the attachment was taken out at the suit of *Joliffe*, the defendant in this cause.

Another witness testified, that he had heard the defendant say, that he had the possession of the raft; and that a certain person came to the raft, and declared himself a bailiff, and said, that he had an attachment at the suit of the defendant, against the raft, which he seized, and put some men on the raft, to guard it. While the raft was so kept and guarded, a storm came, and part of the timber, about four thousand feet, was carried away, and wholly lost. While the raft was so kept and detained, and before the loss of some of the timber, the plaintiff requested of the bailiff and men on the raft, and *Joliffe*, the liberty to take it away to a safe place, which they refused.

All the witnesses, on being questioned, denied any knowledge that the person who took the raft was an officer.

A raft of timber belonging to A. was taken out of his possession by B. who professed to act as a *bailiff*, under process of attachment at the suit of C. and while the timber was in the possession of B. and his agents, a storm came and carried away a part of the raft, and which was lost. In an action of *trover*, brought by A. against C. it was held, that the timber, while in the possession of B. being in the custody of the law, the defendant was not answerable for the loss of it, happening without the negligence of the officer.

*It seems*, that the confession, or admission of the plaintiff, that the timber was taken by a bailiff under an attachment, is not sufficient evidence of the existence of the attachment, but that the record itself ought to have been produced by the defendant.

The counsel for the defendant contended, that there was no evidence of a conversion ; the possession which *Joliffe* had confessed was the possession obtained by the attachment ; and of course the timber, when the loss happened, was in the custody of the law. The chief justice was of the same opinion, but permitted the counsel for the plaintiff, at his request, to sum up the evidence to the jury, on the fact, whether the raft was in the custody of the law, or in the possession of the defendant.

Another witness on the part of the defendant testified, that he heard the plaintiff say, several times, that his raft was attached by a bailiff, at the suit of the defendant ; that there was a court held, and the cause was entered in the city of *Quebec* ; that the parties both attended, and *Jenner* told him the trial was adjourned.

The plaintiff contended, that there was not sufficient proof that the raft had been attached ; that it was necessary that the record of the proceedings should be produced in evidence. The chief justice charged the jury, that if they believed the raft was attached, they ought to find for the defendant ; as he could not be responsible for the loss, while the timber was in custody of the law, and that the taking it, in that manner, did not amount to a conversion, and that, in his opinion, the confession of *Jenner*, as to the attachment, was legal evidence, without producing the record, or other documents ; but it was matter of fact for them to determine, and if they believed otherwise, they would find for the plaintiff.

The jury found a verdict for the plaintiff, for 1,400 dollars, damages.

A motion was made for a new trial ; because, as there was sufficient proof that the timber was taken by a *bailiff*, under the attachment, the defendant could not

be answerable for any loss happening while the property was in the custody of the law; and because the verdict was against law and evidence.

*Z. R. Shepherd*, for the plaintiff. 1. The voluntary confession of a party is the highest evidence.[*] Where a party voluntarily admits a fact to exist, such a *parol* confession is sufficient, though it may be proved by written documents, which are, in general, the highest evidence. There is a distinction between *parol* evidence, to prove a written document, and evidence of the confession of the party as to the fact, which such written documents would prove. Why should the defendant be required to produce a written document to prove a fact, which the plaintiff has admitted? The object is not to know whether the process was according to the forms of law in *Canada*; but merely whether the property was taken by a legal officer, by virtue of legal process. It would be difficult, and burdensome on the defendant, to compel him to prove, that all the proceedings were conformable to the laws of *Canada*.

If it is proved, that the property was in the custody of the law, at the time it was lost, there is no evidence of a conversion, and the defendant cannot be made answerable.

*Foot*, contra. The defendant, on application to him, to have the raft removed to a place of safety, admitted that he was in possession, and that was sufficient to entitle the plaintiff to recover. The bailiff and his men were the agents of the defendant.

It was left to the jury, as a matter of fact, whether the raft was in the custody of the law, or in the possession of the defendant; there was evidence on both sides; and the jury have passed on the facts submitted to their decision.

NEW-YORK,
May, 1810.

JENNER
v.
JOLIFFE.

[*] *Hall* v. *Phelps*, 2 Johns Rep. 451 But see *Fox and Payne* v. *Reid*, 3 Johns. Rep. 477.

NEW-YORK,
May, 1810.

JENNER
v.
JOLIFFE.

The confession of a party can never supersede the necessity of producing a record. Suppose an action of debt on a judgment, and *nul tiel record* pleaded, proof of the confession of the defendant, that there was such a record, would not be sufficient, without producing the record itself.

THOMPSON, J. delivered the opinion of the court. That the timber was the property of the plaintiff, is not denied. It was taken out of his possession by a person professing to act as bailiff, under process of attachment, in a suit brought by the defendant, against the plaintiff. It was proved, by several witnesses, that the defendant acknowledged, that he was in possession of the timber; and it was further proved, that while the timber was thus held, a storm came and carried away about four thousand feet of it, which was wholly lost. The liability of the defendant must, therefore, depend upon the validity of the authority under which he took the possession. The only evidence of the existence of the attachment, is that which arises from the confession of the plaintiff; that his raft was attached by a bailiff, at the suit of the defendant. If the loss of the timber happened while it was held under the attachment, and without the negligence of the officer, the defendant ought not to be responsible for it. The loss was occasioned by a peril, the consequences of which the law would not cast upon the defendant. The property was in the custody of the law. But the proof of the existence of the attachment, I think, ought not to have been admitted, nor deemed sufficient to establish the fact. It was matter of record, and capable of higher and more satisfactory proof.

The confessions of a party have never been considered competent evidence of the execution of a specialty, and much less ought they to be admitted as proof of mat-

ters of record. The seizure under the attachment was set up by way of justification, and the defendant was bound to furnish the highest evidence the nature of the case would admit, of the existence and legality of the attachment.

Some difficulty arises, however, in the case, in consequence of the manner in which it was conducted, and the ground taken by the jury. The objection appears to have been made to the competency of the evidence, when it was introduced. After the testimony was closed, the plaintiff's counsel objected, that there was not sufficient proof that the timber had been attached; that it was necessary to produce a record of the proceedings.

No opinion of the judge, on the question, appears to have been given, except in the charge to the jury. The defendant, therefore, had no opportunity to produce other testimony, even if he had it in his possession; and such production was rendered unnecessary, by the direction of the judge to the jury, that the defendant had already sufficiently established the attachment. Under this direction, the defendant had a right to take it for granted, that the verdict would be in his favour. And if the judge was incorrect, as to the sufficiency of the proof, and a new trial should be granted, he would then have an opportunity of producing the record.

The jury, however, it appears, founded their verdict upon an entirely different point, to wit, that the timber was in the possession of the defendant, and not in the custody of the law. The defendant, therefore, by the course the cause took, is altogether precluded from an opportunity of producing the record of the proceedings under the attachment. The judge considered the confessions of the plaintiff competent evidence of the attachment, and sufficient to exonerate the defendant. The jury have put the proceedings under the attachment,

NEW-YORK,
May, 1810.

altogether out of view, and have given a verdict against the defendant, merely on the ground of his having possession of the plaintiff's property.

Had the jury pursued the directions of the judge, with respect to the proof of the attachment, the verdict must have been for the defendant. The case being involved in considerable difficulty and obscurity, we think the end of justice will be best advanced, by sending the cause back for another trial. The motion is, therefore, granted, on payment of costs.

New trial granted.