## Case No. 4,999a.
### FOWLER v. BYRD.
[Hempst. 213.] [1]

Superior Court, Territory of Arkansas. Feb., 1833.

Before CROSS and CLAYTON, JJ.

CLAYTON, J. This was an action of debt, brought by Richard C. Byrd against Absa-

lom Fowler, in the circuit court of Pulaski county, in which the defence set up was a plea of the pending of a former suit for the same cause of action. The circuit court permitted the clerk to prove by parol that the writ in the former suit had been dismissed, overruled the plea, and gave judgment for the plaintiff; from which judgment an appeal was taken to this court. In chancery it is settled, that a lis pendens is created by filing a bill and actual service of the subpoena. 2 Madd. 256; 1 Johns. Ch. 566.

At law, suing out a writ constitutes the pendency of a suit, without any further step, and neither service of process, nor any other proceeding, is required to form the ground of a plea of another action pending for the same cause. 1 Bac. Abr. 23; 5 Coke, 48, 51. The plea of another action pending is an affirmative plea, and casts the onus probandi upon the defendant pleading it, and the proof to sustain it must be record evidence. 1 Saund. Pl. & Ev. 19. A record is a memorial of a proceeding or act of a court of record, entered in a roll for the preservation of it. 7 Com. Dig. tit. "Record," A. When, in this case, the defendant in the court below showed the issuing of a writ for the same cause of action, he proved, prima facie, at least, the pendency of a suit; and it then devolved on the plaintiff to prove, by competent testimony, that the suit had been disposed of, and was no longer pending. The parol evidence introduced for the purpose was not, in our opinion, legal. Brush v. Taggart, 7 Johns. 20; Hasbrouck v. Baker, 10 Johns. 248; Jenner v. Joliffe, 6 Johns. 9. Had he moved for leave to enter at that time a dismission of the first writ, or an order directing the clerk to make out upon the record a statement of the facts and dismission, as they had actually occurred, nunc pro tunc. we think upon that state of the case the plaintiff would have been entitled to succeed. But the failure to do so, and the attempt to supply the omission by parol testimony, constitutes such an error as to warrant the reversal of the judgment.

It is probable that even now, the plaintiff, by entering of record a dismissal of the first suit in the circuit court, will be entitled to have judgment in that court. Judgment reversed.