## THE WATERVILLE MANUFACTURING COMPANY *vs.* BRYAN AND BROWN.

By the common law, a corporation suing in its corporate name, was bound to prove, on the general issue being pleaded, their corporate existence. And the statute dispensing with such proof unless *nul tiel corporation* is pleaded, only applies to corporations created by or under a statute of this state.

A foreign manufacturing company, not prosecuting as individuals, and confessedly not being a corporation created by or under any statute of this state, is bound, upon the defendants' pleading the general issue, to prove itself a body corporate.

THIS action was commenced September, 25th, 1849. The complaint alledged that the defendants purchased of the plaintiffs on the 10th of February, 1849, goods to the amount of $691,84, on a credit of six months from the time of the purchase and delivery of the goods; the expiration of the credit, and a payment of $300, on account; and the residue, $391,84, in arrear and unpaid, with interest; claiming judgment for that sum. The answer denied the purchase, on the part of the defendants, of any goods at any price, or any purchase whatever; or any thing due by the defendants to the plaintiffs, in any way whatever.

The action was tried at the Monroe circuit in February, 1850, before Selden, justice, where the plaintiffs recovered a verdict of $405,49, upon which judgment was rendered. From this judg-

ment, the defendants appealed to the general term. The questions raised at the trial, are sufficiently stated in the opinion of the court.

*S. Mathews*, for the appellants.

*Geo. Mumford*, for the respondents.

*By the Court*, WELLES, J. By the common law, a corporation suing in its corporate name, was bound to prove, under the general issue pleaded, their corporate existence. (*Bank of Utica* v. *Smalley*, 2 *Cowen*, 770. *The Bank of Michigan* v. *Williams*, 5 *Wend*. 478. *S. C. in error*, 7 *Id*. 540. *The Welland Canal Co*. v. *Hathaway*, 8 *Id*. 480.) The statute dispensing with such proof, unless *nul tiel corporation* was pleaded, (2 *R. S*. 457, 458, § 3; 3d ed. 552,) only applies to corporations created by or under any statute of this state. The plaintiffs being a company, and not prosecuting as individuals, and confessedly not a corporation created by or under any statute of this state, were bound to prove themselves a body corporate, unless there is something in the state of the pleadings, or the provisions of the code, to relieve them from that necessity. There is no allegation in the complaint that the plaintiffs are a corporation; after stating the title of the action, it commences as follows : "The Waterville Manufacturing Company, plaintiffs in this action, complain of William W. Bryan and George Brown, defendants therein, for that," &c. The answer relates to matters subsequently stated in the complaint, and denies most or all of them. It contains no allusion to the question whether the plaintiffs were a corporation or not.

The 149th section of the code declares what the answer shall contain. It is to be, among other things, in respect to each allegation of the complaint controverted by the defendant, a general or specific denial thereof, or denial thereof according to his information and belief, or of any knowledge thereof sufficient to form a belief. And by § 168, every material allegation of the complaint not specifically controverted by the answer, as pre-

scribed in § 149, shall for the purposes of the action be taken as true.

If the fact of the plaintiffs' existence as a legal corporation had been alledged in the complaint, under the answer which has been put in, it would have been taken as true. But the fact was in no way alledged or stated. The most that can be inferred from the complaint is that there was a company somewhere, of the plaintiffs' name. But what its nature was, whether a legal corporation, a joint stock company, or a mercantile association or partnership, or where it was located, does not appear. I think the plaintiffs were bound to prove themselves a corporation. The only proof on this subject was the affidavit of Bryan, one of the defendants, made in the action soon after it was commenced, for the pupose of a motion to set aside the summons and complaint on the ground that security for costs had not been filed. The affidavit stated, among other things, "that the said plaintiffs are a foreign corporation created by the laws of the state of Connecticut, as deponent is informed and believes." The affidavit was objected to as evidence, but the objection was overruled, and the defendant excepted. The question is whether this was admissible evidence. I am of the opinion that it was not. It has always been the practice in such cases, according to my experience and observation, to make proof of the existence of a corporation, by introducing the act, duly authenticated, by which the body corporate was created, and then to prove user under it. If the plaintiff was a foreign corporation organized under a general act, the act was to be proved in the usual way, and then the organization and user under it. If created by a special charter, then by proof of the charter and user. In *Jenner* v. *Joliffe*, (6 *John.* 9,) Thompson, justice, says, "The confessions of a party have never been considered competent evidence of the execution of a specialty, and much less ought they to be admitted as proof of matters of record." In the *Welland Canal Co.* v. *Hathaway*, (8 *Wend.* 480,) the proof relied upon to prove the plaintiff's existence as a corporation, was a receipt given by the defendant in the following words: "Received from Wm. Hamilton Merrit, agent W. C. C. the sum of £250, cur-

rency, April 7, 1827." The jury found by their special verdict that the letters W. C. C. stood for, and were understood to mean the *Welland Canal Company*, and that William Hamilton Merrit was the agent of the company. The action was for money had and received, and was brought to recover back the money mentioned in the receipt, which, it was claimed, had been paid to the defendant by mistake. The court set aside the verdict, and granted a new trial on the ground that the evidence of the plaintiff's legal existence as a corporation was not competent or legal proof. Nelson, justice, who delivered the opinion of the court, remarks: "I am of opinion the evidence relied on by the plaintiffs was incompetent to prove that they were a corporate body duly constituted by law. It was not the best evidence the nature of the case admitted of. A copy of the charter of the company, duly authenticated, should have been produced, and nothing short of this can be admissible, unless the absence of such record evidence is legally accounted for to the court. . . . I am not aware of any principle in the law of evidence, which will authorize us to substitute the declarations of a party, even as against himself, for record or written evidence, and thereby dispense with its production." And again: "It may be laid down, I think, as an undeniable proposition, that the admissions of a party are competent evidence against himself, only in cases where parol evidence would be admissible to establish the same facts, or, in other words, where there is not, in the judgment of the law, higher and better evidence in existence to be produced."

With all this I entirely agree; and it seems to be perfectly in point on the question under consideration, and in my judgment decisive of it. Suppose the case had arisen before our ancient and beautiful structure of special pleading had been demolished, and the defendant had pleaded *nul tiel corporation.* The plaintiffs in their reply would have had, among other things, to set out their charter in their replication, and have concluded with a verification; to which the defendant rejoined *nul tiel record* to the charter. Upon such an issue it would sound strange to a lawyer to hear parol evidence given, to prove the statute of incorporation. There is no ground for saying that here was an

estoppel; none of the characteristics of an estoppel exist.  If it was one, the effect of it would be to preclude the defendant from showing, if he was able, that no such corporation ever existed. The affidavit proved nothing.  It merely stated the fact upon information and belief.  Besides, it was not made to be used upon the trial, or with reference to any of the questions to be litigated upon the trial.

For the error of the court in receiving the affidavit in evidence, the judgment of the special term should be reversed, and a new trial ordered, with costs to abide the event.

I am satisfied with all the other rulings at the circuit.

[MONROE GENERAL TERM, June 3, 1851.  *Welles, Selden* and *Johnson*, Justices.]