WOOSTER SHERMAN, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*Obtaining money by false pretenses — admissions of plaintiff in error — what cannot be proved by.*

Upon the trial of the plaintiff in error for obtaining money by false pretenses the prosecution, in order to prove the existence of a mortgage upon the prisoner's house, produced a certificate of the clerk of Jefferson county tending to show the existence of a mortgage on defendant's house and lot in Watertown, which was rejected because it did not contain a copy of the whole mortgage. The district attorney was then sworn and testified, under objection, that in a certain conversation the defendant said to him that he owned a house and lot in Watertown worth $40,000, which was incumbered by a mortgage of $20,000 given to trustees to secure bonds negotiated by them.

*Held,* that as the prosecution had not accounted for the non-production of the mortgage itself, the record, or a copy thereof, the admission by the prisoner, was not admissible to prove the existence or terms of the mortgage.

*Semble,* that the admissions of a party are competent evidence, only when parol evidence of the facts sought to be shown by such admissions would be competent.

*Semble,*, that admissions are never admissible to establish the legal effect of documents.

WRIT OF ERROR to the Court of Sessions of Cayuga to review a conviction of the plaintiff in error of obtaining property by false pretenses.

The charge was that Wooster Sherman, on the 1st day of November, 1876, obtained of one John Molley 300 promissory notes issued by the United States of America, and 300 promissory notes issued by divers national banks of the value of $300, upon the false and fraudulent representations and pretenses (1) that he brought $50,000 ready money to Port Byron, and (2) that he was the owner of a house and lot in Watertown, free from incumbrance, and worth $40,000.

The negations in the indictment were that the said Sherman had no ready money at Port Byron, and that the said house and lot was incumbered by mortgage to its full value.

*F. W. Hubbard,* for plaintiff in error.

*S. E. Payne,* district attorney, for defendant in error.

SMITH, J.:

The counsel for the plaintiff in error insists that the court below erred in refusing to instruct the jury to acquit as requested. The evidence on the part of the prosecution tended to show that Sherman, who was a banker at Port Byron, by false pretenses induced the complainant to deposit currency in his bank; that the money so deposited was drawn out by the complainant and paid back to him some weeks afterward; and that subsequently he deposited a draft for collection, the larger part of which was unpaid when the bank closed. On that state of facts, it was insisted by the counsel for the defendant that no offense was committed in respect to procuring the deposit of the currency. We think the motion made on

that ground was properly overruled. The fact that the money deposited was paid back went to the question of intent; and if the jury were satisfied by the evidence that the deposit was induced by the false representations charged in the indictment, with intent to deceive and defraud, the offense was made out. The payment may have been made in the expectation that it would further the original fraudulent design, by leading on the complainant to make other deposits, partly on the faith of the original representations.

We think, however, that the court erred in receiving evidence of the admissions of the defendant that his house and lot in Watertown were incumbered by mortgage. The existence of the incumbrance was a material fact for the prosecution to prove, and the best evidence was the mortgage itself, the record, or a certified copy of the record. Without accounting for the absence of these, secondary evidence was not admissible. Verbal admissions of the defendant were no higher evidence than parol testimony of the contents of the mortgage. It seems to be the rule in this State that the admissions of a party are competent evidence, only when parol evidence of the fact sought to be shown by such admissions would be competent. In *Welland Canal Company* v. *Hathaway* (18 Wend., 480), it was held that evidence resting in records cannot be supplied by proof of admission of the party sought to be affected by such evidence, of the existence of the facts appearing by such records. To the same effect are *Jenner* v. *Joliffe* (6 Johns., 9) and *Hasbrouck* v. *Weaver* (10 id., 246). The prosecuting attorney acknowledged the force of this rule and endeavored to comply with it by offering in evidence a certificate of the clerk of Jefferson county, tending to show the existence of a mortgage on defendant's house and lot in Watertown, but the certificate, not containing a copy of the whole of the mortgage, it was excluded. The district attorney then offered himself as a witness, and testified, under objection, that, in a certain conversation, the defendant said to him that he owned a house and lot in Watertown worth $40,000, which was incumbered by a mortgage of $20,000, given to trustees to secure bonds negotiated by the trustees. This, we think, was clearly inadmissible. Not only was it an attempt to prove a record by parol, but it did not profess to be evidence of the whole of the record, and so was subject to the very objection upon which the clerk's cer-

tificate had been excluded. Moreover, the admission shows that the mortgage was special in its character, and the question whether it constituted an incumbrance on the property involved an inquiry as to its legal effect, for which purpose parol evidence of admissions is never admissible.

We are also of the opinion that the testimony of the witness Sears, that the defendant said to him, in June, 1876, that he brought to Port Byron $50,000 in currency for banking purposes, was improperly received. It was admitted, undoubtedly, upon the ground that it was competent for the prosecution to prove other like acts of fraud, at or about the same time, as evidence of the intent with which the alleged representations to the complainant were made. The rule is not questioned, but the testimony of Sears tended to establish no act. It did not appear that he was induced by the defendant's statements to do any thing, or that they were made for the purpose of inducing him to do any thing, or that any action whatever on his part was contemplated when the statements were made. In short, there is nothing in the testimony from which it can be inferred that the statements to Sears were made with a fraudulent intent, and consequently they do not throw light upon the *quo animo.*

For these reasons the conviction should be reversed, and a new trial ordered in the Court of Sessions of Cayuga, to which court the proceedings will be remitted.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.