## WILLIAM M. SALTSMAN, RESPONDENT, *v.* CYRUS SHULTS, AS TREASURER, ETC., APPELLANT.

*Joint stock association — when its existence must be proved under general denial — cannot be proved by parol evidence — right of a member to maintain an action against it.*

A member of a joint stock association may maintain an action against such association, to recover damages occasioned by it in maintaining a private nuisance.

This action was brought against the treasurer of an association, the complaint alleging that the defendant was "the treasurer of a joint stock company or association known as the Slate Hill Cheese Factory, transacting business in the town of Palatine, consisting of more than seven shareholders." The answer was a general denial. *Held,* that in the absence of an averment in the complaint that the association was a corporation created by or under any statute of this State, the plaintiff was bound to prove the existence of such association by competent evidence, and that the articles of association being in writing, its existence could not be proved by parol evidence.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions. The action was brought to recover damages for the pollution by the defendant of a stream running through the plaintiff's farm. The complaint alleged that the defendant was the treasurer of a joint stock company or association, known as the Slate Hill Cheese Factory, transacting business in the town of Palatine, consisting of more than seven shareholders. The answer contained a general denial, it also alleged that the acts complained of were by plaintiff's leave and license, and that the plaintiff was a member and shareholder of the association at the time of and following the erection of the factory causing the pollution.

*J. E. Dewey*, for the appellant.

*D. S. Morrel* for the respondent.

BOCKES, J.:

The objection to a recovery in this case, on the ground that the plaintiff was a member of the joint stock association against which the action was brought, cannot be sustained; that is, on the

assumption that the articles of association were in the usual form and contain no special provision on which the objection may be predicated. This point was very fully considered in *Westcott* v. *Fargo* (61 N. Y., 542), where it was decided that an action might be maintained by a member against a joint stock association in the manner prescribed by statute, through its president or treasurer. In the case cited, the action was based on the negligence of the association. In the case in hand the action is for causing and maintaining a private nuisance. DWIGHT, C., in *Westcott* v. *Fargo*, collates the various provisions of the statute relating to the subject, and shows very satisfactorily that the right of action by the plaintiff, a member of the association, is as much against a legal entity, as if he had no interest in its affairs. In case of recovery he might seek satisfaction of his judgment by execution against the property of the association; and failing in this, he could have such further remedy against the members, being himself one, as should be equitable and just. The objection to the right of the plaintiff to maintain the action, because of his membership in the association, seems to be fully answered by the decision in *Westcott* v. *Fargo*.

But a serious question of evidence remains to be examined. The action is against the association in the name of its treasurer; a form of action authorized by the statute. The averment in the complaint is, that he (Shults) " is the treasurer of a joint stock company or association known as the Slate Hill Cheese Factory," consisting of more than seven shareholders. The answer is: first, a general denial of every allegation of the complaint; second, that the acts complained of were by the plaintiff's leave and license; and third, that the plaintiff was a member and shareholder of the association at the time, and following the erection of the factory. Against the general denial the plaintiff was bound to establish his action as alleged in the complaint by adequate and competent proof. As regards this question, the second and third defenses may be deemed out of the case; and it must stand as if the general denial alone were interposed. On the trial, the plaintiff was allowed, against objection, to prove the existence of the association, and that Shults was treasurer, by parol. The defendant objected to the proof, offering to show that the association

was formed by written articles. Notwithstanding it had its existence under written articles, the court overruled the objection, and admitted the existence of the association to be established by parol.

Thereupon the witness testified that the Slate Hill Cheese Factory was an association consisting of over seven share-holders, and that Shults was its treasurer. The objection to such parol evidence and the exception to its admission was in no way answered or waived during the trial, and the question remains in full force whether the admission of such evidence was error. If the facts established by this evidence were necessary to be proved in order to make out the plaintiff's case, unquestionably its admission was error. It was an inexcusable admission of secondary evidence. The written articles of association were the highest and best evidence, and they were in existence and for anything that appeared could readily be produced. Therefore if this evidence was necessary to establish the plaintiff's right of action, the ruling presents a case of substantial error. Undoubtedly this evidence was deemed to be essential at the trial, but it is now answered on the appeal, that for all the purposes of the action the association was a corporation, and that its existence was not put in issue by the general denial contained in the answer. The statute is that in all suits brought by or against a corporation *created by or under any statute of this State* it shall not be necessary to prove on the trial of the cause the existence of such corporation, unless the defendant shall have alleged in the answer in the action that the plaintiffs or defendants are not a corporation. (3 R. S., [6th ed.] page 740, § 3.) This statute remains in force since the Code, as has been frequently decided. But was this association, admitting it to be a corporation, in so far as there exists a right to sue it in the name of its treasurer, " created by or under any statute of this State " ? That fact nowhere appeared. There was no allegation to that effect in the complaint, nor indeed any direct allegation that the Slate Hill Cheese Factory was an association, if indeed that averment would have helped the case if made. That the Slate Hill Cheese Factory was a joint stock company or association was stated only inferentially, not directly as an alleged fact.

The association may or may not have been created under or

pursuant to a statute of this State. Had there been an averment that it was so created, or had an existence under or pursuant to some statute, the case would have been quite different; although it is not here intended to decide (because unnecessary in this case) that such averment would have been sufficient to give application to the statute above cited (sec. 3.) In *Waterville Manuf. Co.* v. *Bryan* (14 Barb., 182), it was held that this statute applied only to corporations created by or under a statute of this State. The language of the court in this case has application here. It is there said that "if the fact of the plaintiff's existence as a legal corporation had been alleged in the complaint, under the answer which has been put in, it would have been taken as true. But the fact was in no way alleged or stated. The most that can be inferred from the complaint is that there was a company somewhere of the plaintiff's name;" and the court held that the plaintiffs were bound to prove themselves a corporation. In *Tiffany* v. *Williams* (10 Abb., 204), Judge BRADY held that it was competent for a party to put in issue the allegation of the complaint that the Racket Court Club was a joint stock company or association, consisting of more than seven shareholders or associates, by simply denying the fact; nor does the constitution aid the plaintiff on this question as to the necessity of proof showing the existence of the association which he seeks to charge. The constitution (art. 8, § 1), provides, that corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes, etc.; and then declares (§ 3) that the term "corporation," as used in article 8, shall be construed to include all associations and joint stock companies. These provisions in no way affect the question of evidence by which the existence of corporations or *quasi* corporations is to be proved in the courts. Those provisions only provide how corporations may be formed, and how associations and joint stock companies shall be regarded when proved to exist. The conclusion then is, that the plaintiff in this case was bound to prove, in order to establish his case against the general denial in the answer, the existence of the association known as the Slate Hill Cheese Factory, and that, too, by evidence competent and admissible under rules applicable to the admission of evidence with a view to prove any issuable fact on

trial before the court. It follows that the judgment must be reversed.

LEARNED, P. J., and OSBORN, J. concurred.

Judgment and order reversed and new trial granted, costs to abide event.