WILSON v. CITY BANK OF ST. PAUL. See Case No. 16,842.

WILSON (CLARK v.). See Cases Nos. 2,-840 and 2,841.

## Case No. 17,798.

### WILSON v. COLMAN et al.

[1 Cranch, C. C. 408.] [1]

Circuit Court, District of Columbia. June Term, 1807.

PROOF OF PARTNERSHIP—PAROL EVIDENCE.

To prove a partnership, parol evidence cannot be given of the contents of printed cards, bearing their joint names, nor are the cards themselves evidence unless traced to the defendant. Nor can general reputation of partnership be given in evidence.

Indebitatus assumpsit for board, lodging, and washing, of Michael Coleman & Owens Lyons, and Richardson their apprentice. The witness spoke of printed cards which he had seen bearing their joint names.

Mr. Jones, for defendant, Lyons, objected to evidence respecting the cards, unless they were produced and traced up to the defendant.

THE COURT (DUCKETT, Circuit Judge, absent) said they must produce the cards; they could not give parol evidence of their contents.

John Hewitt, for plaintiff [Eliza Wilson] asked the witness whether the defendants were not generally reputed partners.

Mr. Jones objected, and THE COURT decided the question to be improper.

## Case No. 17,799.

### WILSON v. CROMWELL.

[1 Cranch, C. C. 214.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

ACCEPTANCE—FRAUDULENT POSSESSION.

If the plaintiff obtain possession of the defendant's acceptance, by a fraudulent practice, he cannot recover upon it.

Assumpsit on acceptance of an inland bill. The defendant proved that upon the assumption of J. H. Barney in writing, to pay the debt, the acceptance was given up by A. & W. Bowyer to the defendant to be cancelled. That afterwards, the plaintiff, under pretence of a wish to see the bill, to calculate the interest upon Barney's assumption, got possession of it, and then gave up to Barney his assumption, and insisted upon keeping the bill.

Mr. Baker, for plaintiff, contended that A. & W. Bowyer, to whom the bill was sent for collection, were only special agents to receive the money of Cromwell, and, in default of payment, to bring suit. That if such was the only authority of the Bowyers, and they gave it up without any other consideration than J. H. Barney's assumption, they exceeded their

authority, and it was improperly obtained; and therefore it was proper in the plaintiff to get possession of the bill in the manner he did. And that it would support the action; and prayed the instruction of the court to that effect. Esp. N. P. 109.

But THE COURT refused to give such instruction; and upon the prayer of Mr. Morsell, for defendant, THE COURT instructed the jury that if they should be of opinion that the Bowyers came into possession of the bill by authority of the plaintiff for the purpose of collection, and they gave it up to the defendant to be cancelled, without any fraud on the part of the defendant, and the plaintiff afterwards obtained possession of the bill by a fraudulent and deceitful practice, the plaintiff could not recover upon it. And that if they should be of opinion that the note was fairly given up by Bowyer to the defendant to be cancelled, and the plaintiff obtained possession of it by any false pretence, it would be evidence of a fraudulent obtaining of the possession.

## Case No. 17,800.

### WILSON v. CURTIUS et al.

[2 West. Law J. 511.]

Circuit Court, D. Louisiana. 1845.

PATENTS — PLANING, TONGUING, AND GROOVING MACHINE.

[The Woodworth patent of 1828 (extended in 1842), for a planing, tonguing, and grooving machine, *held* valid and infringed.]

[Cited in Wilson v. Rousseau, Case No. 17,-832; Id., 4 How. (45 U. S.) 704; Smith v. Mercer, Case No. 13,078.]

This was a case commenced by a bill in equity, on the 12th day of December, 1844, to restrain the defendants [Curtius and Grabau] from infringing the patent right granted to William Woodworth in 1828, and extended for a further term of seven years in 1842. The invention is for planing, tonguing, and grooving plank and other materials, by means of the combined use of a revolving cutter wheel or cylinder in the centre, to plane and reduce the plank to a given thickness; two side cutter wheels to tongue and groove the edges of the plank; and, also, by the use of pressure rollers, to confine plank to their proper place. Upon filing the bill, a motion was made by complainant [James G. Wilson] for an injunction, which was granted by the court; but afterwards was dissolved upon a re-hearing, on the ground (among others) that the affidavit was insufficient to support it, inasmuch as it did not state with certainty the infringement by the defendants; and that complainant did not swear, at the time of filing the bill, that he believed Woodworth was the "original and true inventor," &c.; and upon the further ground that the defendants made a declaration on oath, that the said invention was not the original invention of the said Woodworth; and denying, under oath, the novelty and utility of the same.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]