GEORGE MASON, appellant, v. BENJAMIN F. PARK, appellee.

*Appeal from Richland.*

In actions of ejectment, and of trespass, for injuries to the inheritance, proof of actual possession of the premises, by a person claiming title in fee simple, is presumptive evidence of title in him, to that extent, and throws upon the party contesting his title, the burthen of rebutting the presumption thus raised. This rule is applicable to an action of debt under the statute, for trespassing by cutting timber. In the absence of proof of this character, raising a presumption of title, the party asserting title is bound by the general rule, that he must produce the best evidence the nature of the case will admit of. The best evidence is his deeds and other documentary evidence of title.

Where an admission is made in a case, for the purposes of the trial, it is regarded as a stipulation of the party making it, that the fact about which it is made exists, and he is estopped from denying it; but an admission made *in pais* is not conclusive, and is entitled to no higher consideration than parol testimony. It amounts but to oral testimony, and is liable to be rebutted by the party making it. It is regarded as the weakest and most uncertain kind of testimony, and ought to be received only in cases where parol evidence is properly admissible to show the same fact.

An admission of a party is competent evidence only where parol evidence would be admissible to establish the same fact, or where there is not higher and more conclusive evidence in existence, which can be produced.

In an action of debt, under the statute against trespassing by cutting timber, the admission of the defendant that he cut trees on the plaintiff's land, cannot be received as evidence, where such admission is not made for the purposes of the trial.

THIS cause was heard in the Richland Circuit Court, at the June term, 1842, before the Hon. William Wilson and a jury.

O. B. FICKLIN and LEVI DAVIS, for the appellant, cited Greenleaf's Ev. 93, 98, 102, 107–8, 235; 1 Stark. Ev. 105; 2 Phil. Ev. 210, note 192; 3 Johns. 477; Jenner v. Joliffe, 6 Johns. 9; Welland Canal Co. v. Hathaway, 8 Wend. 480; Summersett v. Adamson, 1 Bing. 73; 8 Eng. Com. Law 255.

A. Lincoln and Aaron Shaw, for the appellee, cited Roscoe's Ev. 27, 324; Barry v. Bebbington, 4 Term R. 514; R. L. 603.

Treat, Justice, delivered the opinion of the Court: (1)

This was an action of *debt* to recover the penalty given by "*An Act to prevent trespassing by Cutting Timber*," (2) originally brought before a *justice of the peace*, by Park against Mason, and taken by appeal to the Circuit Court. It was there tried by a jury, and a verdict returned for Park for $48, on which the Court gave judgment; to reverse which judgment, Mason appeals to this Court. The whole of the evidence is inserted in a bill of exceptions. From this it appears that Park, to prove title to the land on which the trees were cut, called a witness, who testified to a conversation in which Mason admitted to him, that two of the trees were cut on the land of .Park. This was all the evidence in relation to the title. Mason asked the Court to instruct the jury that the parol declaration of Mason was not sufficient evidence of title to enable the plaintiff to maintain his action; which the Court refused to do, and instructed the jury that evidence of title by deed was not indispensable, if Mason admitted that the trees were cut on the plaintiff's land. To this decision of the Court, Mason excepted. Several errors have been assigned, but the only question presented by them, which it is deemed necessary to decide, is whether the admission of Mason was competent evidence of title. This Court, in the case of Wright v. Bennett, (3) decided that the plaintiff, to maintain this action, must aver in his declaration, that he is the owner of the land on which the trees were cut, and that the term owner, is applicable to him only who has an estate in fee simple. If this averment be necessary, it follows that it must be fully sustained by proof. The plaintiff, then, in this case, was bound to show title in fee simple to the land. How that may be shown, is the question for determination. In actions of ejectment, and of trespass for injuries to the inheritance, proof of actual possession of the premises by a person claiming title in fee simple, is presumptive evidence of title in him to that extent, and throws upon the party contesting his title, the burthen of rebutting the presumption thus raised. (4)

This rule is doubtless applicable to this action, which, although a penal one, is a remedy given to the owner, for a permanent injury to his estate. In the absence of proof of this character, raising a presumption of title, the party asserting title, is bound by the general rule that he must produce the best evidence the nature of the case will admit of. The best evidence is his deeds and

(1) Semple, Justice, did not hear the argument in this case, and gave no opinion.
(2) R. L. 602; Gale's Stat. 679.          (3) *Ante* 258.
(4) Ricard v. Williams, 7 Wheat. 59; The People v. Leonard, 11 Johns. 504; Day *et al. v.* Alverson, 9 Wend. 223.

other documentary evidence of title. These are always presumed to be in his custody, and can be easily produced. He makes an affirmative allegation, having in his control the highest evidence to substantiate it, and it is but reasonable that he should be required to produce it.

But it is contended that the admission of the party who has the right to compel his antagonist thus to make out his case, dispenses with the necessity of producing the best evidence of title. Where the admission is made for the purposes of the trial, it is regarded as a stipulation of the party making it, that the fact about which it is made exists, and he is estopped from denying it. But an admission made *in pais* is not conclusive, and is entitled to no higher consideration than parol testimony. It amounts but to oral testimony, and is liable to be rebutted by the party making it. It is regarded as the weakest and most uncertain kind of testimony, and ought to be received only in cases where parol evidence is properly admissible to show the same fact.

In the case of Summersett *v.* Adamson, (1) the admission of the party, that he had been discharged under the insolvent law, was held to be incompetent evidence against him, although that particular question was in issue.

In Jenner *v.* Joliffe, (2) the defendant set up a seizure under an attachment as a defence to the action, and offered to prove the existence of the attachment, by the admission of the plaintiff. The Court decided that the testimony was inadmissible, and that the defendant was bound to furnish the highest evidence the nature of the case admitted, of the existence and legality of the attachment.

The case of Hasbrouck *v.* Baker, (3) decides that the admission of a party, that he had been subpœnaed as a witness, was not evidence against him, so as to dispense with the production of the subpœna.

In the Welland Canal Company *v.* Hathaway, (4) the plaintiffs attempted to prove their existence as a corporate body, by an admission of the defendant. The Court held that it was not the best evidence of the fact, and therefore inadmissible.

These cases are similar in principle to the one before us, and fully settle the question involved. The admission is excluded, because there is higher evidence of the fact in issue.

The rule properly deducible from the authorities, seems to be, that the admission of the party is competent evidence, only where parol evidence would be admissible to establish the same fact, or where there is not higher and more conclusive evidence in existence, which can be produced. Indeed, the Court in The Welland Canal Company *v.* Hathaway, lay it down as an undeniable proposition. Such too, is stated to be the proper rule, by Mr. Greenleaf, in his excellent Treatise on Evidence, page 235.

(1) 1 Bing. 73.    (2) 6 Johns. 9.    (3) 10 Johns. 248.    (4) Wend. 480.

The propriety of the rule is manifest. It is consistent with the well established principle, that the best evidence which the nature of the case permits, shall be furnished. It imposes no hardship on the party who seeks to introduce the admission, for he can resort to the higher grade of evidence which is in his control, and more easily produced by him, than his adversary. A different rule would substitute for the most certain and conclusive testimony, the loose declarations and vague admissions of a party, not made under the sanction of an oath, or with any reference to a decision by a judicial tribunal of the matter, concerning which they were made. Instead of eliciting the truth, the sole object of evidence, it would have the tendency to obscure and exclude it. It would prove a source of much inconvenience to, and frequently operate as a great hardship on, the party making the admission. To rebut it he would generally have to prove a negative, a matter always difficult, and in many cases almost if not wholly impossible. He may have no means of ascertaining the truth, the whole of the evidence pertaining to it, being in the control of his adversary.

In the present case, if the admission was competent evidence, Mason, to avoid its effect, would be compelled to show title out of the plaintiff, and this he could only do by showing title in some other person. To establish this, he might be required to produce title papers beyond his control, and of the existence of which he had no knowledge. If the admission was untrue, and he failed to show its falsity, the recovery against him would be no bar to an action by the real owner.

In this view, the decision of the Court in refusing the instruction asked for, was erroneous.

For this error the judgment of the Circuit Court is reversed with costs.

WILSON, Chief Justice, dissented.

*Judgment reversed.*

