The CiiieF Justice
delivered the opinion of the court.
The first error assigned is in refusing to permit the plaintiff to show by his own testimony that he was “at all times willing, anxious and ready” to perform any duties pertaining to his executorship of the estate.
The plaintiff testifying as a witness in his own behalf, was asked by his counsel to “state whether or not he was at all times willing, ready and anxious to perform any service or duties pertaining to said estate.” The defendant’s counsel objected to this question, and claimed that the witness should be required to state acts and facts tending to show the existence of his willingness, anxiety and readiness, and the court sustained the objection.. Plaintiff sues his co-executor, alleging that defendant assumed control of all the assets, and of the management of the estate, and prevented plaintiff from performing his duties in reference to its care and management, though plaintiff offered and was always ready, willing and anxious to assist, and thereupon. demands an equal share with the other executor of the compensation allowed by law. The statute provides that the executors be “ allowed all reasonable charges * * in the administration of the estate,” ánd “a fair and just compensation for their services, and also a compensation not exceeding six per cent, on money arising from the sale of personal property and lands of the deceased.” Thomp. Dig., 208.
The question here propounded to the witness assumes that the plaintiff, as an executor, is entitled to the compensation allowed by law for services performed, on showing that he was “ready, willing and anxious” to perform.
Readiness, willingness and anxiety exist in the mind, a mere physical and mental condition or state of existence. I do not think the statute contemplates that compensation shall be allowed on account of this mental or physical condition, unless services are performed or risk assumed, or an attempt is made to perform services or assume responsibilities in relation to the management of the estate. Responsibility and risk are assumed by the acceptance of the trust. Tills assumption requires no proof beyond the fact of qualifying as an executor, and that was already proved. Further responsibility and risk arc assumed by the active management of the property. These are properly the subjects of comnensation. Time, labor and skill employed in the management of the estate are to be taken into account in the award. of compensation by the Probate Court. If the condition of “readiness, willingness and anxiety” of an executor, without dots or attempts to act, entitle him to compensation, it must be by force of the statute, but we do not see that the statute refers to these terms or to such condition. It mentions “services,” and “compensation” for “services,” “reasonable charges,” and commissions “on money arising from the sale of property.” Readiness to act without acting, and willingness and anxiety not manifested by acts or efforts are not subjects of compensation, and are therefore not the foundation of a claim. If the staute gives the plaintiff what he demands, because he is an executor, the question and the affirmative answer to it would be immaterial. If the defendant lias money belonging to the plaintiff, it is not because of plaintiff’s mental condition or readiness, but because the law entitles him to it as a compensation for responsibility assumed and acts performed or attempted. We discover further, in reading the testimony of the plaintiff, that he shows performance at sundry times of his duties, and sundry efforts at other times to be more active in the management of the estate, and to assist his co-executors. He says further: “ I was at all times ready to act in the administration,” and this is repeated in substance in connection with the detail of his efforts, all through his testimony. The question had been previously, and 'without objection, fully answered. There can be, therefore, no ground for holding the ruling of the judge, in rejecting the question, to be erroneous; first, because it was not essential; and second, because the plaintiff already had the desired testimony before the jury upon his direct examination.
The second ground assigned for error is that the judge “refused to permit the records and proceedings of the Probate Court, pertaining to the administration of the estate of William Bailey, or certified copies thereof, to be used in evidence.”
The record states that the plaintiff “ produced and offered in evidence the books containing the annual settlements of the estate of General William Bailey, but to the use of the same in evidence the attorney for the said defendant did then and there object, unless upon the understanding that certified copies of the settlements or accounts should be filed before the case should be submitted to the jury, which objection was sustained, but the plaintiff was permitted to read from the books, under the direction of the court that certified copies of the accounts should be so filed.”
“The books” referred to were doubtless the records of the Probate Court. No error can be alleged to the ruling of the court in relation to such books, because no exception was taken to the ruling. Whether he actually read from the books what he desired, or abandoned the offer, is not distinctly stated. It is certain, however, that he waived any advantage of the ruling by not excepting to it.
As to the “certified copies” of the records and proceedings of the Probate Court, which were offered in evidence by the plaintiff and rejected by the court, there were seven papers offered, three of which were pnlitled “annual account current of the executors of the estate of General William Bailey,” signed by W. Denham and A. B. Hawkins, executors; two “annual account current of the estate of William Bailey, deceased,” for 1871-2 and 1872-3, “William Denham and A. B. Hawkins executors;” one “annual account current of executor of estate of General William Bailey, deceased,” and one “ A. B. Hawkins, executor in account with estate of William Bailey, deceasedthe two latter signed by A. B. Hawkins executor.
The offering of these papers is thus stated in the record: “Plaintiff, by his attorneys, further to prove the issues in his behalf, then and there produced and offered in evidence the following- certified extracts from the records of the Probate Court of Leon county.” ‘
These papers-were each certified by the County Judge as follows:
“I, Henry C. Rippey, County Judge in and for said county, do hereby certify that the within is an extract from the annual account current of executors (or *W. Denham and A. B. Hawkins executors,’ or ‘A. B. Hawkins executor,’) of the estate of William Bailey, deceased, and is a true copy of the items of compensation charged for in said account, and the amount allowed to said executors (or executor) and a correct copy of the orders of the court in relation thereto, as appears of record, * * * and that there are no other allowances to said executors in said account of record in my office. In testimony,” &c. Signed and sealed by the judge.
The defendant’s attorney objected to the reading of these papers, because they were only extracts from the annual returns, and not copies of the entire returns. The judge, at first, ruled that the papers should be received; and, upon further objection by counsel, sustained the objection and refused to permit such extracts to be read to the jury. To which ruling plaintiff excepted.
*196 It is a well-established tule of evidence that when a document or record, or a copy of it, is offered, the entire record of the cause or- transaction must, if possible, be produced, or the certified copy must contain, or must purport to contain, a copy of the entire record of the cause or transaction; and that a copy of a part, or of an extract therefrom, is not received as evidence. A certificate by the custodian of a record that a paper offered contains a copy of all that may be material to the case on trial is not evidence of that fact, the court before whom the trial is had being the proper judge of the materiality of the contents of the. paper or record, and .of .the bearing of each part upon every other part; and the custodian of the record cannot determine the question by a certificate annexed to a partial copy.
“When records are exemplified the whole in general must be exemplified;.for the construction is to be taken from a view of the whole together.” (1 Phillips Ev., Chap 5.) In the notes to Ph. Ev. by Cowen and Hill, part 2, n. 713, it is said: “The rule in respect to copies of records under, the seal of the com t is •• * * that in general the whole record which concerns the matter in question- should he exemplified, for ihe court must be enabled to judge of the legal effect of the whole of it,.which may be quite different from that of a part; a bare extract, therefore, is not the best evidence of which the case is susceptible.” Edminston vs. Schwartz, 13 Serg. and Rawle, 135; Vance vs. Reardon, 2 Nott and McCord, 299; Dismukes vs. Musgrove, 8 Mart. La. Rep. (N. S.), 375, 381; Ingham vs. Crary, 1 Pa., 389, 394; Christine vs. Whitehall, 16 Serg. and Rawle, 98: Griffith vs. Tunckhouser, 1 Pet. C. C. R., 418; Ferguson vs. Harwood, 1 Cranch, 408.
The court committed no error, but strictly adhered to the rules of the law in rejecting the copies of extracts offered.
The third ground of error assigned is that the- court refused to permit plaintiff to show, by the testimony of the Judge of the Probate Court, the aggregate amount allowed to the executors of said estate, as appears on the records of his office, and that they were allowed in gross; and the fourth ground of error was in refusing to permit the plaintiff to prove by the witness Myers the amount of commissions allowed by the Probate Court, as admitted and stated by the defendant, and as to what he, the defendant, had done with said commissions.
The universal rule is that the best evidence, of which the nature of the case admits, must be produced.
The plaintiff's claim rests upon an alleged allowance by the. judgment or decree of the Probate Court. Without such allowance there is no cause of a’ction. The defendant is charged with Obtaining money to which plaintiff is entitled, by reason that it has been allowed-to all the executors, in gross, by the Probate Court. The judgment or order of that court is the best and only legal evidence of such allowance and its amount, and for what purpose, and for what services, charges and expenses it was allowed, the record being in existence and accessible.
The statement of the custodian of a record as to its contents is no more valuable than the statement of any other person who has read it, The record itself is the evidence, and the statement of the judge is not evidence of its contents.
The same rule will apply to the offer of the testimony of Mr. Myers, as to the adimssions of defendant of the amount allowed by the Probate Court. “The parol admission of a p.arty, made en pais^ is competent evidence only of those facts which may lawfully be established by parol evidence; it cannot be received either to contradict documentary proof or to supply the place of existing evidence by matter of record.” (I Green. Ev. §203; Bivins vs. McElroy, 11 Ark., 23; Mason vs. Park, 4 Ill., 532; Jameson vs. Conway, 10 Ill., 227; Welland & Co. vs. Hathaway, 8 Wend., 480.) The questions addressed to Mr. Myers were objected. to upon tiie further ground that they were leading. The ruling of the court was strictly correct in refusing the testimony of Myers to the admissions or declarations of the defendant as to the amount of the allowances, which were matters of record, unless the record was produced. The question was “whether you heard the defendant say what amount of commissions were allowed the executors of Gen-ereal Bailey's will, and how much the defendant received, and whether A. Z. Bailey received his share?” And the further question, “ state whether or not the defendant said in your presence that the amount of commissions received by the executors was $16,000, or what other sums, and how were they divided, and did he say that the plaintiff received any except his note ?”
The inquiry as to the amount received of allowances by each executor was pertinent according to the theory of the pleadings, and competent in order to show whether defendant had - received money properly belonging to plaintiff under the order or decree of the Probate Court, but without showing such order the testimony proposed proved nothing as between these parties. It was not error, therefore, to refuse the proffered testimony until the order of .the Probate Court was shown. The existence of a judgment or decree, or its amount or effect, cannot be proved by the admissions of parties, the original record being in existence and accessible. Jenner vs. Joliffe, 6 Johns., 9; Ware vs. Robertson, 18 Ala., 105; Morgan vs. Patrick, 7 Ala., 185; Bivins vs. McElroy, 11 Ark., 23.
Fifth ground of error; that the court refused to permit the answer of defendant in a chancery cause between the same parties as to the amount of commission allowed the executors, and as to the mode in which the defendant-divided them to be read in evidence.
The plaintiff offered in evidence a certified copy of a paper purporting to be an answer to a bill in chancery, signed by defendant, in a suit between the- same parties, in which, among other things, it was stated what amount of commissions and allowances had been.received by each and all the executors, in the aggregate, and how much defendant had received, not showing what amount had been allowed to each or all of them, nor admitting that defendant had money belonging to the plaintiff.
This testimony is of the same character and to the same effect as the testimony offered to show the admission of the defendant. As before remarked, according to the theory of the plaintiff’s pleadings, the statements of the answer may be proper, evidence to show the amount received by the defendant of .the estate for services, commissions, expenses, &c., and may aid in determining whether defendant has received money which, under the order of the Probate Judge, may belong to the plaintiff and other executors. But the answer by itself, or in connection with the other testimony before the court, does not show that defendant has received any money of the plaintiff, or which -the defendant may not legitimately be entitled to. The records of the Probate Court, with the orders decreeing allowances, commissions, &c., are not before the court, and without such orders the offered testimony is not connected with the case. What amounts had been allowed to ihe executors is not apparent by the evidence before the court. Without some legitimate evidence of this fact, it cannot be determined how much each is entitled to for services, and commissions, and expenses, and whether the, defendant retains money belonging to the plaintiff.
Thé defendant saw fit to hold the plaintiff to strictness of proof, and we do not find that the court violated the rules of evidence in sustaining his objections.
The judgment is affirmed.
*197 The -preceding opinion was delivered at the January term, A. D. 1880, and at the same term the appellant filed a petition for rehearing, which was not disposed of till the present term. The petition is as follows:
The petition of Burton W. Bellamy, appellant, in a certain cause wherein Alexander B. Hawkins is respondent, decided at the present term of the Supreme Court, respectfully shows that this court seemed to think that the records of the Probate Court of Leon county were evidence before the jury in the court below, whereas they were all ruled out by the judge of said court. In the beginning of the trial in the court below the said judge permitted the records to be read, and defendant objected unless certified copies of the record were furnished, and the court ruled that certified copies or extracts should be furnished; but when the. extracts were produced defendant objected to the extracts because they were extracts and not the complete copies. The court overruled the objection and defendant excepted, all of which appears in the record; but the defendant did not take an appeal, and is not entitled to- any benefit from said exception; but the same cumbers the record, and has a tendency to mislead this court.
But afterwards the judge of the court below refused to allow the said extracts to be used as evidence, not because they were extracts, but because they were copies of the rcord of the Probate Court of Leon county, (if they had been ruled out because they were extracts full copies would have been furnished,) and were not signed by Burton W. Bellamy, thereby ruling out the entire records of the Probate Court, upon which appellant’s whole cause of action was and is based. These extracts were put for the record by the ruling of the court.
Appellant’s next best evidence was the admission, of the defendant as to the amount of commission received by him which he made to several persons, and also made under oath in his answer to the suit in chancery, the same cause tried by the same parties; but this was also ruled out by the court on the grounds that the record of the Probate Court, or copies thereof, was the best evidence, when those had also been ruled out.
Appellant submits that this was the only evidence by which he could prove the amount received by the defendant, and that his admission was, and is, the best evidence.
Appellant submits that all of his evidence was ruled out by the court below, and exceptions were noted; that, although there is a large amount of testimony in the record in this cause that had been taken before these adverse rulings, and were copied to show the proceedings, yet every material part was ruled out by the court; that is to say, the appellant was not permitted to use as evidence the records of the Probate Court, nor certified copies thereof, nor the evidence of the County Judge, (the custodian of them,) as to what they contained, nor even the admission of the defendant, made verbally and in writing under oath, as to the amount of commissions which he had received, or as to any other point that might be material to the appellant’s cause, as your petitioner conceived; nor even the evidence of appellant as to the amount of commissions allowed by the Probate Court, or his desire to perform the administration, although he stated that in the first part of his testimony, yet it was ruled out at last and put in the form of question and answer to show the ruling of the court.
And your petitioner shows that, by these subsequent rulings of the judge, all his evidence was ruled out, so that there was nothing for the jury to act upon. Appellant submits that this court seems to consider that there was some testimony before the jury, and also to lay some stress upon these being only extracts of the record of the Probate Court, when these extracts should be considered as complete copies of the record of the Probate Court, as the judge of the court below decided that extracts were sufficient, and the defendant did not appeal.
When the appellant tried to obtain his rights on the chancery side of the court, this court referred him to a court of law, saying that all the facts are contained in the records and proceedings of the Probate Court. And upon his going into a court of law and producing said record and proceedings, the judge of the said court refuses to permit appellant to use the said records, thereby leaving your petitioner remediless.
Your petitioner would therefore pray that your Honors, for the causes set forth above, as well as for other .causes apparent upon the record, would grant your petitioner a re-hearing in this cause at the next term of this court, or at such other time as may be meet and convenient for the court, and that the same may be placed upon the docket as though it had not been heard or tried, and for such other and further relief in the premises as the nature of the case may require, and as to the court may seem meet; and, as in duty bound, your petitioner shall ever pray.