## EX PARTE HENRY PITTS.

1. On a petition for a *habeas corpus* alleging that the petitioner was unlawfully detained in custody under process issued by a county court, and that the court had no jurisdiction to issue the process because the act of the Legislature creating the court was in conflict with provisions of the Constitution, the constitutionality of the creation of said court is a proper subject of enquiry.

2. The sections of the act of 1893 (Chapter 4221) organizing the county court for Polk county, defining its jurisdiction, fixing the times for holding court, and regulating its practice in making orders and issuing processes necessary to the complete exercise of its jurisdiction, are not in conflict with section 18, Article V of the Constitution authorizing the Legislaure to organize county courts in such counties in the State as it may think proper. Whether the provisions of said act in reference to the fees and salaries of the judge and prosecuting attorney are in conflict with sections 20 and 21 of Article III, in reference to the enactment of special or local laws, not decided; but if such conflict should exist, the provisions mentioned can be entirely eliminated and the other provisions of the act carried into effect.

3. The county judge is by constitutional provision made the judge of the county court.

4. The return to a writ of *habeas corpus*, by express statutory enactment, is not to be taken to be conclusive as to the facts therein stated, but evidence may be received in contradiction thereof; and whether either in term time or vacation it shall be inconvenient to procure the personal attendance of a witness, his affidavit, taken upon reasonable notice to the adverse party, may be received in evidence.

5. *Ex parte* affidavits filed with the submission of a case in the Supreme Court in *habeas corpus* proceedings, and undertaking to set forth matters of record in the office of the supervisor of registration and Clerk of the Circuit Court of a county, that can be shown by duly certified copies, are not proper or competent evidence of the facts therein stated.

### BRIEF OF PETITIONER'S ATTORNEY.

The court in ascertaining the intention of the Legislature in enacting a law which is attacked as being illegal and unconstitutional should look to contemporaneous legislation enacted by the same body, on the same subject, either before the passage of said law, or afterwards. See Sutherland on Statutory Construction, sec. 288; Bishop Sta. Crimes, sec. 82, 15 Fla., pp. 355.

Art. XIX of the Con. of the State of Fla. authorizes the county commissioners of any county in the State, upon the written application of one-fourth of the registered voters of such county, to call and provide for an election in such county to determine whether the sale of intoxicating liquors, wines or beer shall be prohibited in said county. Chap. 3700 of the Laws of Fla. provides for carrying into effect the above provisions of the Constitution. Application for permit to sell liquors, wines and beer shall be presented to the county commissioners, signed and witnessed as provided by law, by a majority of the registered voters of said county, as shown by the registration lists at the time of the application.

See Chap. 4055 of Laws Fla., 1881. Acts 1883, p. 43, as to the old law prior to the Constitution. Am. and Eng. Ency. of Law, Vol. 3, p. 696 and note 2 on same page as to the unconstitutionality of any act regulating fees of municipal or county officers as being special or local and prohibitory. See also 44 N. J. Law, p. 58.

See sec. 20 of Art. III of the Con. of the State of Fla. prohibiting the Legislature from passing special or local laws fixing the fees of county or State officers.

See sec. 21 of Art. III of the Con. of the State of Florida, which provides that all laws in the cases

enumerated in sec. 20 above referred to, shall be general and of uniform operation throughout the State.

Chap. 4221 of the Laws of Fla. is a special and local law, as shown by its title, wherein it attempts to fix the fees of the judge of the county court and county prosecuting attorney of Polk county, as well as the salaries of the same. Compare Chaps. 4217, 4218, 4219, 4220 with 4221, and determine from this comparison whether these special laws, local in their nature, are general and of uniform operation throughout the State.

### BRIEF OF ATTORNEY-GENERAL.

Such objection as is suggested against the legal organization of the court below is answered by reference to sec. 18 of Article V, Florida Constitution.

What fees are to be paid the officers of that court is not, in this case, properly for consideration by the court.

As to the illegal detention of petitioner, see *ex parte* Mack Bowen, 25 Fla. 214; *ex parte* Prince, 27 Fla. 196. The affidavits are vague and *ex parte*, and without notice so far as this office is concerned. Evidence by affidavit. See Church on *habeas corpus*, p. 289.

But I refer for the convenience of the court to 19 Tex. App. 123.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the Court.

*J. L. Albritton* and *T. L. Wilson* for Petitioner.

*The Attorney-General, Contra.*

MABRY, C. J.:

In his petition for *habeas corpus*, Henry Pitts alleges that he is unlawfully detained in custody by the sheriff of Polk county under a capias issued out of the county court of said county on an information filed in said court on the 4th day of December, 1894, a copy of the information being attached as an exhibit to the petition. The information was filed in the county court of the county of Polk on the 4th day of December, 1894, by the prosecuting attorney for said county against the petitioner, and it is therein alleged that on the 5th day of April of that year an election was held in said county to determine whether or not the sale of intoxicating liquors, wines or beer should be prohibited within the limits of said county; that said election was held under and by virtue of an order of the board of county commissioners made upon and in pursuance of an application of more than one-fourth of the registered voters of said county duly signed and presented to the said board at a regular meeting; that the Clerk of the Circuit Court of said county performed all the legal duties required of him by law in the advertisement of said election, and the supervisor of registration of said county performed all duties required of him in the registration of all voters entitled to vote at said election and offering to register; that said election was called, conducted and held pursuant to the Constitution and general election laws of the State of Florida, and being so called, conducted and held, a majority of the votes legally cast at said election were against the sale of intoxicating liquors, wines or beer, and in prohibition of the sale thereof within the limits of said county. Further, that petitioner, on the 22nd day of May, 1894, within said county and State, did

sell, and cause to be sold, certain intoxicating liquors, wines and beers, to-wit: alcohol, brandy, rum, gin, whisky, wine, lager beer and rice beer, against the form of the statute in such cases made and provided, and against the peace and dignity of the State of Flor ida.    The petition further alleges that the said county court had no jurisdiction to issue the said capias because the act of the Legislature, approved May 30th, 1893, Chapter 421 (being an act to organize a county court in and for the county of Polk) is in violation of sections 20 and 21 of Article III of the Constitution of the State; that the judge of said court is disqualified to hold said office because he is not now, and never has been an attorney at law, as required by section 3, Article V of the Constitution; and that the said election held on the 5th day of April, 1894, was ordered and held without authority of law, in this, that no petition of one-fourth of the registered voters of said county was ever presented to the board of county commissioners praying for said election.

The return of the sheriff to the writ states that he holds the petitioner in custody by virtue of a capias issued out of the county court of Polk county upon an information filed against him in said court on the 4th day of December, 1894, the capias and a certified copy of the information being made a part of the return.

Counsel for petitioner having filed some *ex parte* affidavits, and also a paper denying that the election alleged in the information, and referred to in the sheriff's return, was valid for the reason, as stated, that one-fourth of the registered voters of said county did not sign the petition upon which said election was held, and praying that petitioner be discharged from further custody.    The constitutionality or legality of the creation and organization of the county court for Polk

county, it may be conceded, is a proper subject-matter of inquiry on the *habeas corpus* proceedings before us. If the petitioner is held by virtue of criminal process issuing out of a court having no constitutional or legal existence, he would be detained in custody without lawful authority and should be discharged. *Ex parte* Bowen, 25 Fla. 214, 6 South. Rep. 65; *ex parte* Prince, 27 Fla. 196, 9 South. Rep. 659. The attack made on the legal existence of the court is that the act of the Legislature creating it (Chapter 4221, Laws of 1893) is in conflict with sections 20 and 21 of Article III of the Constitution of 1885. It is expressly provided by section 18 of Article V of the Constitution that "the Legislature may organize, in such counties as it may think proper, county courts, which shall have jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements, and of misdemeanors, and final appellate jurisdiction in civil cases arising in the courts of justices of the peace. The trial of such appeals may be *de novo* at the option of appellant. The county judge shall be the judge of said court." The sections of the act (Chapter 4221) organizing the county court for Polk county, defining its jurisdiction, fixing the times for holding court, and regulating its practice in making orders and issuing processes necessary to the complete exercise of its jurisdiction according to the practice of the circuit court in like cases, not otherwise prescribed by Chapter 3730, Laws of Florida, prescribing the rules of pleading and practice in the county courts of the several counties of this State in civil and criminal cases, are clearly not in conflict with the above section 18 of Article V of the Constitution authorizing the Legisla-

ture to organize county courts in such counties in the State as it may think proper. The unconstitutional features of the act of the Legislature in question consist, it is contended, in the provisions in reference to the fees and salaries of the judge and prosecuting attorney of the court, found in the fifth and sixth sections of the act. These provisions, it is insisted, are in conflict with sections 20 and 21 of Article III, in reference to the enactment of special or local laws, and especially the provision that "the Legislature shall not pass special or local laws in any of the following enumerated cases:     *     *     *     regulating the fees of officers of the State and county." We do not deem it necessary to consider whether the provisions in the act in reference to the fees and salaries of the judge and prosecuting attorney are in conflict with the provisions of the Constitution relating to special or local laws. Conceding, but not deciding, that such repugnance does exist, it can not benefit the petitioner in his application to be discharged from custody. The rule is well established in this court that where unconstitutional provisions in a statute can be separated from the valid portions, and the legislative purpose expressed in so much as is good can be accomplished independently of the void part, and considering the entire act, the good and bad features are not so essentially and inseparably connected in substance, or so interdependent as that it can not be said that the Legislature would not have passed the one without enacting the other, it is the duty of the court to give effect to so much as is good. State *ex rel*. Attorney-General vs. Dillon, 32 Fla. 545, 14 South Rep. 383; English vs. State, 31 Fla. 340, 12 South. Rep. 689; Donald vs. State, 31 Fla. 255, 12 South Rep. 695. If the provisions in reference to the fees and salaries of the officers mentioned should

be entirely eliminated it would not destroy the other provisions in the act organizing the court, and which are within the limits of the constitutional authority given the Legislature over such matters.

The Constitution provides that the county judge shall be the judge of the county court when one is organized in a county. Counsel for petitioner make no contention here on the eligibility of the judge of the county court, and in the absence of any showing or contention on this point, it is not necessary for us to decide whether such a question can be raised on the proceedings before us, or to say anything further in reference to it.

The *ex parte* affidavits filed relate to the registration list of the county and the petition presented to the board of county commissioners asking that an election be held in said county to determine whether the sale of liquors, wines or beer should be prohibited therein, and upon which the election alleged in the information was held. The Clerk of the Circuit Court makes one of the affidavits, and he states that he had carefully counted the names of the persons signed to the petition, and that he found the total number of signatures to be four hundred and forty-four. This affiant further states that there are a few names erased, and something on the petition that he was unable to decipher, but that the names erased and that which he could not decipher would not amount to over a dozen names. The supervisor of registration of the county makes another affidavit, and he states that on or about the first Monday in February, 1894, he counted the names of all persons who were properly registered on the registration books and not properly stricken therefrom by the county commissioners, and that he found thereon the names of at least two thousand three hun-

dred and fifty persons; that from his best recollection, the exact number of names was two thousand three hundred and sixty-five. A member of the board of county commissioners at the time the election was ordered states, in an affidavit filed, that the board in considering the petition counted only the names thereon of persons who had paid their capitation tax for two years prior to the year 1894, and did not notice persons whose names were on the registration books and who had not paid their capitation tax for the same time, that is, two years prior to 1894, and also that in considering said petition the board did not ascertain or know the total number of registered voters as shown by the registration books presented by the supervisor of registration; and that to the best of affiant's recollection, the election ordered on the 5th day of April, 1894, was based upon the petition of not more than ninety-two persons who had paid their capitation tax for two years prior to 1894.

The case has been submitted on the record as stated. The Attorney-General, representing the State, says of the affidavits that they are vague and *ex parte*, and without notice, so far as his office is concerned. It is provided by statute in this State that "the return made to the writ may be amended, and shall not be taken to be conclusive as to the facts stated therein, but it shall be competent for the court, justice or judge, before whom such return is made, to examine into the cause of the imprisonment or detention, to receive evidence in contradiction of the return, and to determine the same as the very truth of the case shall require." Section 1775 Rev. Stats. It is further provided in Section 1776 that whenever either in term time or vacation it shall be inconvenient to procure the personal attendance of a witness, his affidavit, taken

upon reasonable notice to the adverse party, may be received in evidence. A proper objection on the part of the State would result in an entire conclusion of the *ex parte* affidavits filed; but considering them under the submission of the case as properly before us, there are serious objections to their competency to establish the facts for which they were introduced. The illegality of the detention of petitioner under the capias issued on the information filed against him is sought to be established by showing that the local option law had never been properly put in operation in Polk county, and that the defect in the election held to determine that question consists in the fact that the petition presented to the board of county commissioners did not have on it one-fourth of the registered voters of the county. Both the registration lists of the county and the petition upon which the board acted in ordering the election are matters of public record in Polk county, and afford, of course, the best evidence of what they contain. In speaking of the competency of the county judge to testify as to the contents of records in the probate court, this court said in Bellamy vs. Hawkins, 17 Fla. 750, that "the statement of the custodian of the record as to its contents is no more valuable than the statement of any other person who has read it. The record itself is the evidence, and the statement of the judge is not evidence of its contents." Section 1111 of the Revised Statutes provides that "in all cases where any record, pleading, document, deed, conveyance, paper or instrument of writing is, or may be required or authorized to be made or filed or recorded in any public office of this State or of any county thereof, a copy thereof duly certified under the hand and seal of office (if there be a seal of office, and if there be no seal of office,

then under the private seal of the office having the custody or control of the same) to be a true and correct copy of the original on file, or of record in his office, shall, in all cases, and in all courts and places, be admitted and received in evidence with the like force and effect as the original thereof might be. Nothing herein contained shall be so construed as to prevent any court or judge before whom such copies may be offered in evidence from requiring the party offering the same to produce or account for the original of such copy, if the same shall be deemed necessary or proper for the attainment of justice." The facts sought to be established by the affidavits of the clerk and supervisor are matters of record that can be shown in the manner indicated by the statute, and even if no statute existed on the subject, a copy of the document or record, duly certified by the officer legally in possession of the original, is lawful evidence, on general principles, equally with the original. Doe *ex dem.* Magruder vs. Roe, 13 Fla. 603; Bell vs. Kendrick, 25 Fla. 778, 6 South. Rep. 868; 1 Greenleaf on Evidence, secs. 483, 485. It is not competent, in our judgment, for the petitioner to prove the facts stated in the *ex parte* affidavits in the manner attempted, and we can not consider the affidavits as evidence of the facts therein recited.

Whether a petitioner can on *habeas corpus* inquire into the validity of an election putting the local option law in operation in a county, and which it is alleged that he has violated, we need not determine, (section 83, Church on Habeas Corpus, 2d edition), as there is no sufficient showing before us that the election held for that purpose in Polk county on April 5th, 1894, was not in accordance with law, as alleged in the information filed against petitioner.

On the case as presented to us it is our duty to remand the petitioner to the custody of the sheriff of Polk county, and an order will be entered accordingly.